IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Billy Lockett,                                    Case No: 3:10 CV 1024

                      Plaintiff,                  MEMORANDUM OPINION
                                                  AND ORDER
            -vs-
                                                  JUDGE JACK ZOUHARY
Chrysler Group, LLC, et al.,

                      Defendants.

## INTRODUCTION

This Court previously granted Defendants' Chrysler Group, LLC ("Chrysler") and Paul Zatko's Motions for Summary Judgment, dismissing Plaintiff Billy Lockett's discrimination claims (Doc. No. 57).  Now pending before this Court is Chrysler's Bill of Costs, which seeks costs for: (1) a subpoena of Plaintiff's medical records; (2) depositions; and (3) copies (Doc. No. 59).  Altogether, Chrysler requests $3,394.46.  Plaintiff filed Objections (Doc. Nos. 60 & 62).

## STANDARD

Prevailing parties in an action may recover certain allowable, reasonable, and necessary costs pursuant to Federal Civil Rule 54(d).  *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbos Inc.*, 482 U.S. 437, 441 (1987)).  The types of costs allowed are enumerated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

1.      Fees of the clerk and marshal;

2.      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3.      Fees and disbursements for printing and witnesses;

4.      Fees for exemplification and copies of papers necessarily obtained for use in the case;

5.      Docket fees under Section 1923 of this title [28 U.S.C. § 1828];

6.      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

Under Federal Civil Rule 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The language of the Rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  In the Sixth Circuit, the "prevailing party is *prima facie* entitled to costs unless the judgment recovered was insignificant in comparison to the amount actually sought."  *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).  To be excused from the burden of paying costs, the unsuccessful party must "show circumstances sufficient to overcome the presumption favoring an award of costs."  *White & White, Inc.*, 786 F.2d at 732.  "Such circumstances include: (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is 'close

2

and difficult.'" *Hartford Fin. Servs. Group, Inc. v. Cleveland Public Library*, 2007 WL 963320, \*1–2 (N.D. Ohio 2007) (citing *White & White, Inc.*, 786 F.2d at 730–31).

Where costs are permitted, the court "must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' and in an amount that is reasonable." *Id*. at \*2 (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

**DISCUSSION**

As an initial matter, Plaintiff asks this Court to deny Chrysler's Bill of Costs asserting Chrysler failed to file within the 14-day time limit (Doc. No. 60 at 2).  However, the time limit in Rule 54(d)(2) is inapplicable in this case because Chrysler seeks taxable costs under Rule 54(d)(1) which does not contain a time limit.  *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (citing *Clarke v. Mindis Metals, Inc.*, 1996 WL 616677 at \*11 (6th Cir. 1996).

**Subpoena of Medical Records**

Chrysler requests $6 for a subpoena of Plaintiff's medical record.  Plaintiff objects, arguing this cost is neither necessary nor reasonable (Doc. No. 62 at 4).  This Court disagrees and finds Plaintiff's medical records were necessary to defend against Plaintiff's allegation of intentional infliction of emotion distress.  Section 1920(1) awards prevailing parties "[f]ees of the clerk and marshal."  In the Sixth Circuit, district courts "may tax costs for private process server fees to the extent that these private . . . fees do not exceed the United States Marshals' fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 Fed. App'x 199, 203 (6th Cir. 2002).  The Marshals charge a $15 fee.  Since the fee requested by Chrysler is less than the fee charged by the Marshals, this Court awards Chrysler **$6** for the subpoena of Plaintiff's medical records.

3

**Deposition Transcripts**

Chrysler next requests $3,367.63 for deposition transcripts.  Specifically, Chrysler seeks $1,950.53 for the deposition of Plaintiff and $1,417.10 for the depositions of Nicholas Weber, Sean Mack and Defendant Zatko ($625.25 for Weber, $204.35 for Mack, $579.50 for Zatko, and $8 for shipping).  Deposition expenses may be taxed as costs under Section 1920.  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  Indeed, this Court recognizes Subsections (2) and (4) "have been interpreted to authorize taxing as costs the expenses of taking, transcribing, and reproducing depositions." *Id*.  In deciding whether to tax such costs, this Court must determine whether the costs of taking and transcribing the depositions were reasonably necessary for the litigation.  *Id*.

Plaintiff objects to these deposition costs, arguing that because Chrysler only cited the Mack and Weber depositions one time, they could not be reasonably necessary for the litigation (Doc. No. 62 at 3); and further, only Plaintiff's deposition was necessary because that was the only deposition Chrysler requested and scheduled (Doc. No. 62 at 4) (citing *Beck v. Buckeye Pipe Line*, 2011 WL 3040910 at *2 (N.D. Ohio 2011)).  Similar to *Beck*, where the court denied costs partly because the challenged "deposition was not used at all," Chrysler barely used the Mack and Weber depositions.  Conversely, Chrysler frequently cited Plaintiff's and Defendant Zatko's depositions.

This Court also considers whether awarding costs could chill future litigation and the ability of the prevailing party to pay its own costs, and concludes the circumstances of this case entitle Chrysler to costs for Plaintiff's and Zatko's depositions only -- **$2,530.03**.

**Copies**

Finally, Chrysler requests $20.83 for copies, which consists of 347 pages of copies ($17.35) and shipping ($3.48).  Generally, a prevailing party may tax as costs "[f]ees for exemplification and

4

papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The Sixth Circuit, however, has cautioned courts should not merely "rubber stamp" photocopying expenses.  *Bowling v. Pfizer, Inc.*, F.3d 1147, 1151-52 (6th Cir. 1998).  Photocopies "obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable." *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *10.  If it appears that a party's non-itemized request for copying charges includes amounts that are not reimbursable under Section 1920(4), the court may reduce the number to reflect the court's estimate actually used for trial. *Id.*  Additionally, the party seeking reimbursement for photocopying costs has the burden to "show that the copies were necessary for use in the case." *Charboneau v. Severn Trent Labs.*, 2006 U.S. Dist. LEXIS 16877, *4 (W.D. Mich. 2006) (holding the party must provide a description that is "the best break down obtainable from retained records").

Chrysler has not explained why these copies were necessary, or provided a list of what was copied.  It appears these copies represent two filings Plaintiff made to the Ohio Civil Rights Commission (Filing Nos. 32887 & 32951) (Doc. No. 59-4 at 1); and, the record contains three pages from Filing No. 32887 (Doc. No. 43-1 at 21–23) and four pages from Filing No. 32951 (Doc. No. 43-1 at 24–27).  However, without a showing of necessity, this Court simply cannot award copy costs.

### CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs is granted in part; Defendants shall recover Two Thousand Five Hundred Thirty-Six Dollars and Three Cents (**$2,536.03**).

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 31, 2012

5